NATIONAL SURETY COMPANY, Plaintiff and Appellee, v. MARCIAL SUÁREZ Y SUÁREZ, Defendant and Appellant.

No. 5984. Argued June 20, 1932.—Decided July 7, 1932.

710

*C. Coll y Cuchí* for appellant. *Besosa & Besosa* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellee moved to dismiss because on appeal from the municipal court to the district court the then appellant failed to request that his case be included in the calendar. The appellee relied on the Act of November 25, 1917. We knew that the Legislature had passed an Act (No. 74 of May 4, 1931) justifying the acts of government officials done by virtue of some of the laws put into effect by reason of the decision of this Court in the case of *Municipality of Quebradillas* v. *Executive Secretary,* 27 P.R.R. 138. Likewise we had some doubt as to whether there might not be some rule of court which governed the procedure to be followed in the district courts. We had doubts, too, whether the appeal could be dismissed as frivolous. Therefore, we ordered a new hearing to give the parties a chance to discuss these doubts.

At the new hearing the appellees virtually conceded that as the said act had not been re-enacted it could not be held to be in force, and that is our conclusion, in accordance with the case of *Porto Rico Telephone Co.* v. *People of Porto Rico,* 47 Fed. (2d) 484. It is true that the Circuit Court of Appeals said something in its opinion about the rule of *stare decisis* not being involved in that particular case, but this rule would not be applicable to a matter of procedure like the inclusion of cases in the calendar. The appellee did not attempt to show any equivalent rule of court governing the inclusion of cases in the calendar.

The appellee also moved to dismiss the appeal as frivolous. The National Surety Company attempted to recover from Marcial Suárez some premiums on a bond to the amount

of $400. The defendant answered saying that he gave this bond as judicial administrator, and therefore he was not personally responsible. The issue so raised was never decided by the district court, inasmuch as the case was dismissed for failure of the appellant to request its inclusion in the calendar. Hence, the issue was never decided by, the District Court of San Juan and we feel ourselves without authority to pass upon a question of frivolity unless the court below first intervened. Our jurisdiction in such a case is appellate and not original.

The motion to dismiss should be overruled.